MARY A. MORSE, et al., v. THE CITY OF DUBUQUE, et al., Defendants, WILLIAM WHITE AND W. D. WHITE, Appellants.

**Appeal.** A finding by the court as to the true location of a street will not be reversed on appeal, although the evidence is not harmonious, where, after eliminating objections to the admissibility of the evidence not well taken, the court's conclusion cannot be said to be doubtful.

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED, Judge.

THURSDAY, MAY 13, 1897.

THE plaintiffs are Mary A. Morse and some nine others, who own all the land abutting on the north side of O'Neil street, in the city of

Dubuque. William White and Emily D. White are defendants, and own all the land abutting on the south side of said O'Neil street. O'Neil street intersects, at a right angle, with Booth street. The City of Dubuque, Dodson & Cousins, and D. W. Linehan are also defendants. The city let to Dodson & Cousins and Linehan a contract to improve Booth street, which improvement included curbstones along the sides of the street. In pursuance of the contract, they were about to set curbstones along the west line of Booth street, where it crossed O'Neil street, so as to interfere with its use as a street at the place where it is opened. A temporary injunction was granted, and issues were thereafter formed so as to present the question whether O'Neil street was located where it now appears to be, or thirty-three feet north of there. The controversy involves, as between plaintiffs and defendants William and Emily D. White, the ownership of thirty-three feet in width of land along the street. The street, wherever located, is conceded to be the correct boundary, so that the only question of fact is the correct location of the street, across which, when properly located, there is no claim of a right to set curbstones. On final hearing the district court made the temporary injunction perpetual, and made the following findings and order: "It is further ordered, adjudged, and decreed that the north line of O'Neil street is fifty-nine and one-half degrees west, three hundred and fifty-two feet from the southwesterly line of West Third and Booth streets, and the south line of said O'Neil street is fifty feet south of said north line. Said O'Neil street is decreed to be fifty feet in width, and is one of the public streets of the city of Dubuque." Defendants William and Emily D. White appealed.—*Affirmed.*

*G. A. Barnes* for appellants.

*P. S. Webster* for appellees.

GRANGER, J.—The record is a plain affirmative showing of the correctness of the conclusion of the district court in fixing the location of the street. The evidence is not harmonious, but when some objections to the admissibility of evidence, not well taken, are out of the way, the conclusion cannot be said to be doubtful. O'Neil street was established by dedication in writing by M. M. Trumbull and wife and B. J. O'Neil and wife on the twenty-ninth of January, 1878. Trumbull was the owner of lot No. 6, and O'Neil of lot No. 9, of mineral lot No. 159. There was some dispute as to the precise location of the line between their lots, and a survey was made showing their respective lots, with O'Neil street between them. On lot 6, as it appears on the plat, is the following, signed by M. M. Trumbull and his wife: "This survey and plat of lot 6 of mineral lot 159 and of O'Neil street is made in accordance with our wishes, and we hereby dedicate to the public the ground for the street thereon laid off for street purposes, and that only." Precisely the same dedication is

made by O'Neil and wife on the face of lot 9 on the plat. The engineer who made the survey and plat was a witness for plaintiff, and it appears that O'Neil and Trumbull were in dispute about some thirty-odd feet of the land, and the engineer divided the disputed land between them, and located the street on the line thus fixed. Both parties were present, and acquiesced in what was done, and this fact may account for the peculiar language and manner of the dedication. After the survey, the plat was made and recorded by their instruction. In locating the street the engineer staked the line for fences on the sides of the street, and the fences were so placed, substantially, and the street was thereafter occupied and used. While there is considerable evidence, arising from deed descriptions, and otherwise, to show that the street is not directly on the line between lots 6 and 9, as originally understood or described, there is no room to doubt that it is where the dedicators placed it and where it was accepted. There is considerable evidence, much of which is incompetent, as showing a dispute between different parties, since about 1880, and among the number M. M. Trumbull, who petitioned for a re-survey. Nothing in such evidence, if all is considered, outweighs the conclusiveness of the facts we have stated. Pages could be devoted to an effort to explain different parts of the evidence, but no good could result from it. With this conclusion upon the facts, there is no disputed legal proposition for consideration. The judgment is AFFIRMED.